# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL EUGENE WASHINGTON,**

      **Petitioner,**

v.                                    **Civil Action No. 3:11cv1**
                                      **Criminal Action No. 3:10cr12**
                                      **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION ON PETITIONER'S § 2255 MOTION

On January 3, 2010, the *pro se* petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. This case, which is pending before me for initial review and report and recommendation, pursuant to LR PL P 83.15, et seq., is ripe for review.

### I. Procedural History

### A. Petitioner's Conviction and Sentence

On March 17, 2010, petitioner was named in Count One of a one-count indictment issued by a grand jury sitting in the Northern District of West Virginia, charging that between March 16, 2008 and March 5, 2010, petitioner, a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce and knowingly failed to register and update his registration, in violation of 18 U.S.C. § 2250(a).

On May 26, 2010, Petitioner pled guilty to Count One of the indictment. On August 18, 2010 Petitioner was sentenced to 60 months imprisonment to be followed by fifty years years supervised release.

### B. Direct Appeal

Petitioner filed a notice of appeal on August 27, 2010. Petitioner's appeal is still pending with the Fourth Circuit.

C. **Petitioner's Federal Habeas**

Petitioner filed this motion to vacate his sentence under § 2255 in this Court. In the motion, petitioner, who both asserts that he pled guilty and also that he went to trial, raises two grounds for relief:

(1) the District Court "went outside the guidelines" in sentencing him, giving him 60 months imprisonment and fifty years supervised release, rather than the "deal" his lawyer obtained for 24 months imprisonment and 3 years "probation." (Dkt.# 45 at 3).

Petitioner also raises an ineffective assistance of counsel claim against trial counsel, alleging that: (2) "[t]he day I was sentences [sic] my lawyer Perioso said that he was going to put in a [sic] appeal." (Dkt.# 45-1 at 3). Petitioner denies that any appeal was filed on his behalf, but claims that he told his lawyer to file one and his lawyer said "he would take care of it. And I was just wiating [sic] on him now I know I have to fight for my freedom myself. And I know I need help." (Id. at 5).

## II. Analysis

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests

before the Court of Appeals." Dayton Indep. School Dist. v. United States Mineral Prods. Co., 906 F.2d 1059, 1063 (5th Cir. 1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 98 (3d Cir. 1988). "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." United States v. Swint, 2007 WL 675340 (E.D.Pa. Feb. 27, 2007) (internal citations and quotations omitted).

Here, the issues raised by Petitioner in his § 2255 motion are not "uniquely separable" and collateral from a decision on the merits of his appeal. Rather, a decision favorable to Petitioner in these proceedings would clearly alter the status of the case as it rests before the Court of Appeals. Thus, Petitioner's § 2255 motion should be dismissed as premature. Walker v. Connor, 2003 WL 21660483 (4th Cir. 2003) (unpublished).

### III. Recommendation

For the reasons set forth herein, the undersigned recommends that the Petitioner's § 2255 petition be **DISMISSED without prejudice as premature**.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Opinion/Report and Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Chief United States District Judge, John Preston Bailey. Failure to timely file objections to the Opinion/Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this

3

Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record via electronic means, as applicable.

DATED: January 10, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE